# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| JAMES P. KIEL, | : | |
| Plaintiff, | : | Case No. 3:09cv0433 |
| vs. | : | District Judge Thomas M. Rose |
| | | Magistrate Judge Sharon L. Ovington |
| DEPARTMENT OF VETERANS AFFAIRS, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

In this *pro se* case, Plaintiff, James P. Kiel, brings this action against the Department of Veterans Affairs and other related entities seeking "re-instatement of full disability pension and relief from debt collection/recovery based on fraudulent claims of income and wages." (Doc. #2 at 4).

On November 16, 2009, the Court granted Kiel's Application to Proceed *in forma pauperis* ("IFP") under 28 U.S.C. §1915. This case is now before the Court for a *sua sponte* review to determine whether Kiel's Complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

be granted, or seeks monetary relief from a named defendant who is immune from such relief. If the Complaint suffers from one or more of these deficiencies, 28 U.S.C. §1915(e)(2)(B) subjects it to dismissal.

## II.  STANDARDS OF REVIEW

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an IFP Complaint if they are satisfied that the action is frivolous or malicious. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Viewing the Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *see Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of Complaints that fail to state a claim upon which relief may be granted or that seek monetary relief from a defendant who is

immune from such relief. §§1915(e)(2)(B)(ii-iii). A pro se Complaint fails to state a claim upon which relief can be granted if – accepting the factual allegations as true and liberally construing them in the plaintiff's favor – it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Herron v. Harrison*, 203 F.3d 410, 414 (6th Cir. 2000)(quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995).

Keil's Complaint should be dismissed under §1915(e)(2)(B)(ii) because this Court lacks subject matter jurisdiction.

### III. ANALYSIS

Keil's Complaint seeks relief from the Department of Veterans Affairs's decision regarding his disabilty benefits and debt collection by the Department. He also alleges denial of due process. (Doc. # 2 at 3). 38 U.S.C. § 511 (a) precludes a district court from reviewing decisions on veterans' benefits, including constitutional challenges. Such challenges must be filed in the Court of Veterans Appeals and from there they are reviewable by the Federal Circuit Court. *Beamon v. Brown*, 125 F. 3d 965, 970-71 (6th Cir. 1997).

Accordingly, Keil's Complaint should be dismissed under 28 U.S.C. §1915(e)(2)(B)(ii) because this Court lacks subject matter jurisdiction.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Plaintiff's Complaint be **DISMISSED** without prejudice; and

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing

reasons an appeal of this Order would not be taken in good faith and therefore denies Plaintiff leave to appeal *in forma pauperis*. If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999).

November 17, 2009

                s/Sharon L. Ovington
                Sharon L. Ovington
             United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).